IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL T. ANDERSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL McGRATH, in his official capacity as Chief Justice of the Montana Supreme Court of the State of Montana, and MICHAEL W. COTTER, in his official capacity as Chief Disciplinary Counsel for the State of Montana,<br><br>　　　　　　　Defendants. | CV 18-168-M-DLC-JCL<br><br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## I. In Forma Pauperis Application

Plaintiff Michael Anderson, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Anderson's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Anderson's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

1

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Anderson's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

On April 16, 2018, Plaintiff Michael Anderson mailed a letter to Defendant Michael Cotter, the Chief Disciplinary Counsel in the Montana Office of

2

Disciplinary Counsel, requesting the production of certain documents. Specifically, Anderson requested that Cotter provide him with copies of the "public records" of the attorney disbarment proceedings pertaining to a specific Montana attorney, Robert Myers. (Doc. 2-6 at 4 of 11.)

Anderson states the Office of Disciplinary Counsel had pursued a grievance against Robert Meyers for alleged professional misconduct, and it presented the matter to the Montana Commission on Practice. As a result, the Commission on Practice recommended that Myers be disbarred, and the Montana Supreme Court adopted the recommendation. Thus, Anderson also names the Chief Justice of the Montana Supreme Court, the Honorable Michael McGrath, as a Defendant.

Anderson asserts he needs the documents he is requesting from Defendants to support a petition he intends to file "with either the Special Procedures Unit/Special Rapporteur[s] of the U.N. Human Rights Council and/or the Inter-American Commission on Human Rights". (Doc. 2 at 22.) His petition will present his theory that United States citizens do not receive fair trials in either civil or criminal cases prosecuted in any court or tribunal in the United States. Anderson states his theory is based, in part, upon his own 20 years of experience with litigation in American courts ruing which he allegedly he has not received fair hearings. He contends the United States government is responsible for ensuring

that citizens receive fair trials, but it has failed to satisfy its duty in that regard. Anderson seeks to rectify the problem through his proposed petition.

Anderson believes his theory of injustice in the United States will be supported by the records of Myers' disbarment proceedings. He contends Myers did not receive fair hearings in his disciplinary matters, and Anderson argues the records of those proceedings will support his proposed petition.

But Anderson complains that Michael Cotter, and Defendant Michael McGrath, as the Chief Justice of the Montana Supreme Court, have refused to produce the records of Myers' disciplinary proceedings in response to his April 16, 2018 letter. Therefore, Anderson commenced this action alleging that Defendants' conduct violates his rights to procedural and substantive due process guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. He further alleges Defendants' conduct violates his right to examine public documents as protected under Section 9 of Article II of the Montana Constitution, and other related provisions of Montana law. Therefore, Anderson requests injunctive relief requiring Defendants to produce the requested documents without charge.

## III.   Discussion

Because Anderson is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings

drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. Federal Claims

Anderson commenced this action against Cotter in his official capacity as the Chief Disciplinary Counsel. But a lawsuit against a state officer in his official capacity "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent[,]'" and is treated as a lawsuit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978)). Here, Cotter works for the Montana Office of Disciplinary Counsel, but that entity is immune from suit in federal court by operation of the Eleventh Amendment to the United States Constitution. *Ashton v. Montana*, 2015 WL 4774717, *2-3 (D. Mont. 2015), affirmed at 2016 WL 6534272 (D. Mont. 2016). Therefore, Anderson's suit against Cotter in his official capacity is subject to dismissal based upon immunity.

In addition to the Eleventh Amendment immunity, Anderson's due process claims fail on their merit. The due process clauses of both the Fifth and Fourteenth Amendments to the United States Constitution provide that the state and federal governments shall not deprive any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amends. V and XIV, § 1; *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To succeed on a procedural due process claim a plaintiff must establish the existence of a constitutionally protected life, liberty, or property interest at stake with which the state actor interfered. *Id.*, 545 U.S. at 221.

Similarly, the concept of substantive due process prohibits the government from depriving a person of life, liberty or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Thus, a substantive due process claim also requires the deprivation of a life, liberty or property interest. *Id*.

Under the circumstances of Anderson's allegations, neither his life nor his liberty are at stake in this litigation. Therefore, the question is whether Anderson has a constitutionally protected property interest in receiving a copy of Myers' disciplinary records.

A protected property interest arises from "an independent source such as state law[.]" *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1148 (9th Cir. 2018). A protected property interest must be something to which a person has a "legitimate claim of entitlement" which may exist where the entitlement is granted as a mandatory provision of state law. *Id*. Conversely, if a governmental actor has discretion in granting or denying a citizen's request, then no constitutionally protected property interest exists. *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011).

Here, Anderson alleges he is entitled to obtain the records of Myers' disciplinary proceedings pursuant to the constitutional "right to know" contained within the Montana Constitution which provides as follows: "No person shall be deprived of the right to examine documents […] of all public bodies or agencies of state government and its subdivisions[.]" Mont. Const. art. II, § 9. Arguably, the mandatory language of this right to know could, theoretically, grant Anderson a legitimate claim of entitlement to the records of Myers' disciplinary proceedings.

But the Montana Rules for Lawyer Disciplinary Enforcement restrict a citizen's access to records of an attorney's disciplinary proceedings before the Commission on Practice and the Montana Supreme Court. Those rules maintain as confidential "[a]ll disciplinary information provided to the Office of Disciplinary

Counsel and proceedings before the Commission on Practice" prior to the filing of a formal complaint with the Montana Supreme Court. Rule 20 A, Rules for Lawyer Disciplinary Enforcement. And those confidentiality rules do not violate the "right to know" provision contained within the Montana Constitution on which Anderson relies. *Goldstein v. Commission on Practice*, 995 P.2d 923, 931-32 (Mont. 2000). Thus, the holding in *Goldstein* establishes Anderson does not possess a legitimate claim of entitlement or protected property interest in the possession of information from Myers' disciplinary proceedings that is rendered confidential by operation of Rule 20 A. Therefore, to the extent Anderson seeks to obtain information deemed confidential under Rule 20 A, his claim for the deprivation of his due process rights fails on its merits.

But Rule 20 B of the Rules for Lawyer Disciplinary Enforcement provides that once a "formal complaint" is filed with the Montana Supreme Court in an attorney disciplinary matter certain disciplinary information is made public information. Specifically, once the formal complaint is filed, "the proceedings before the Commission and pleadings and other documents filed with the Clerk [of the Montana Supreme Court] or Commission shall be public[.]" Rule 20 B, Rules for Lawyer Disciplinary Enforcement.

Anderson's allegations establish that a "formal complaint" against Myers was filed with, and prosecuted before the Commission on Practice and the Montana Supreme Court. Thus, in view of the holding in *Goldstein*, Montana's constitutional "right to know" could potentially provide Anderson with a legitimate claim of entitlement to Myers' records that are no longer confidential and now deemed "public information" under Rule 20 B.

But even assuming, without deciding, the Montana constitutional "right to know" affords Anderson a protected property interest in the disciplinary proceeding records that he seeks to obtain, for the multiple reasons discussed, his pleading fails to advance a viable due process claim for the deprivation of that interest committed by the Defendants named in this action.

Rule 20 B establishes that it is the "proceedings before the Commission", and the pleadings and documents filed with the Commission and the Clerk of the Montana Supreme Court that are made public. Significantly, the Rule does not make public any information or records held by either Cotter or the Office of Disciplinary Counsel. And the Office of Disciplinary Counsel and the Commission on Practice are distinct, separate functioning bodies. Therefore, Anderson's allegations do not establish that Cotter and the Office of Disciplinary Counsel are obligated to produce either (1) the records and information in their possession, or

(2) the records and information in the possession of either the Commission on Practice or the Clerk of the Montana Supreme Court. Absent the authority to produce documents that are not in Cotter's possession, he cannot be deemed to have deprived Anderson of any right.

Similarly, with respect to Defendant Mike McGrath, he is the Chief Justice of the Montana Supreme Court. He is not either the Clerk of the Montana Supreme Court or the Commission on Practice as referenced under Rule 20 B. Thus Anderson's allegations do not establish that McGrath is obligated to produce records and information that is in the possession of either the Commission on Practice or the Clerk of the Montana Supreme Court. McGrath similarly cannot be deemed to have deprived Anderson of any right to documents that are not within his possession.

Next, Andersons' allegations do not suggest Defendants have "deprived" him of his protected interest as is required for his due process claims. Instead, he states only that Defendants have not responded to his request for the production of documents set forth in his April 16, 2018 letter to Cotter. Specifically, Anderson alleges Defendants failed "to even respond at all" to his request. (Doc. 2 at ¶ 62. *See also* Doc. 2 at ¶¶ 50 and 52 (alleging Defendants failed to provide him with the public records without charging him a fee).) Thus, Anderson's allegations do not

suggest Defendants affirmatively "denied" his request for documents and, therefore, his allegations do not plausibly suggest Defendants "deprived" him of a protected interest.

Finally, Anderson's allegations do not suggest Defendants deprived him of information and records that Anderson himself acknowledges are "public records" and are otherwise publicly available to him by virtue of Rule 20 B. (*See e.g.* Doc. 2 at ¶ 57.) Anderson's written request to Cotter identified the following specific records he sought to obtain:

1. Myers' answer to the Office of Disciplinary Counsel's "formal complaint";

2. Any documents Myers' filed in defense of the "formal complaint";

3. Transcripts of Myers' oral arguments made during the hearing before the Commission on Practice on the "formal complaint";

4. Witness lists and transcripts of witnesses' testimony during the hearing before the Commission on Practice on the "formal complaint";

5. All documents filed by the Office of Disciplinary Counsel with the Commission on Practice as evidence in support of the "formal complaint"; and

6. Transcript of Jon Moog's oral argument during the hearing before the Commission on Practice on the "formal complaint".

(Doc. 2-6 at 9 of 11.)

Anderson's allegations establish that all these documents are "pleadings and other documents filed with the Clerk or Commission", or are matters that constitute the "proceedings before the Commission" as stated in Rule 20 B of the Rules for Lawyer Disciplinary Enforcement. Thus, since a "formal complaint" was filed against Myers with the Montana Supreme Court, all the documents Anderson requests were made public by operation of the language of Rule 20 B, and are publicly available to Anderson. Again, Anderson acknowledges the records are now "public records". (*See e.g.* Doc. 2 at ¶ 57.) Importantly, Anderson does not allege that he even requested, let alone was denied, public information in that entity's possession relating to the Myers' proceedings.

Documents filed in Myers' disciplinary proceedings are publicly available to Anderson on the Montana Supreme Court's website in the case captioned as *In the Matter of Robert C. Myers, an Attorney at Law*, Mont. Sup. Ct., PR 17-0026 (2017).[1] Therefore, at least those public docket records of Myers' disciplinary proceedings are publicly available to Anderson. It is not plausible that Defendants

---

[1] As provided by Federal Rule of Evidence 201 the Court may take judicial notice of matters in the judicial record of another court, "both within and without the federal judicial system[.]" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation and quotation omitted).

12

denied Anderson access to public records that he can obtain for himself from the Montana Supreme Court's website.

Finally, Anderson's written request for documents submitted to Cotter includes one last item as follows: He requests "[r]ecords reflecting the name of the Criminal Defendant, Judicial District and Case # of Criminal Information/Complaint on file of the ex-boyfriend of Heather Portner, who [J]udge Langton sentenced to 70- years in DOC." (Doc. 2-6 at 9 of 11). But Anderson's allegations do not demonstrate that this specific information is rendered public information by operation of Rule 20 B. He does not allege the information is part of the "proceedings before the Commission", or is part of the pleadings and documents filed in the proceedings. Thus, Anderson's allegations do not establish he has a protected property interest in the receipt of that specific information.

Furthermore, to the extent Anderson is seeking any other investigative materials marshaled by the Office of Disciplinary Counsel relevant to Myers' disciplinary proceedings, Anderson's allegations do not establish he is entitled to obtain such materials. Again, Rule 20 B does not make public any information or materials within the possession of the Office of Disciplinary Counsel. Thus, the constitutional "right to know" does not afford Anderson a protected interest in

obtaining any other investigative materials in the possession of the Office of Disciplinary Counsel.

**B. Claims Under Montana Law**

In Anderson's Second Claim for Relief, he alleges Defendants' conduct violates the constitutional "right to know" set forth at Mont. Const. art. II, § 9, and other provisions of Montana law. Consequently, because the Court has original jurisdiction over Anderson's due process claims under the United States Constitution (28 U.S.C. § 1331), it also possesses supplemental jurisdiction over his claims advanced under Montana law "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).

But, since the Court recommends dismissal of Anderson's federal due process claims, for the reasons discussed the Court further concludes it should exercise its discretion to decline supplemental jurisdiction over his remaining state law claims. The district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims

"[d]epending on a host of factors[...] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Anderson's claims under Montana law are matters of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana. Therefore, because the Court recommends dismissal of Anderson's federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Anderson's complaint be DISMISSED for failure to state a claim upon which relief could be granted, and the Court should decline to exercise supplemental jurisdiction over Anders's claims advanced under Montana law.

DATED this 31st day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge